UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARQUISE WHITE, #838737,                )
           Plaintiff,                )
                                 )    No. 2:23-cv-196
v.                                       )
                                 )    Honorable Paul L. Maloney
D. RUSSO,                                )
           Defendant.                )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendant's motion for summary judgment. (ECF No. 19). Judge Vermaat issued a report and recommendation. (ECF No. 34). Defendant filed an objection to the report and recommendation. (ECF No. 36). Plaintiff filed a response in opposition. (ECF No. 37). Defendant filed a reply brief. (ECF No. 38). The court will adopt the report and recommendation over Defendant's objections.

### I. Background

Plaintiff, state prisoner Marquise White, filed suit pursuant to 42 U.S.C. § 1983 on October 17, 2023. In his complaint, Plaintiff asserted that he received inadequate medical care while he was incarcerated at the Chippewa Correctional Facility ("URF") in Kincheloe, Michigan. (ECF No. 1 at PageID.4-6). At this stage of the case, only White's Eighth Amendment and state law claims against Defendant Nurse Practitioner Russo for providing White with inadequate medical care remain. (ECF No. 9 at PageID.107-08). Plaintiff alleges that Russo failed to provide him care for his knee injury.

Judge Vermaat recommended that Defendant's motion should be denied and that

Plaintiff's Eight Amendment and state law claims against Defendant Russo should survive:

> The undersigned respectfully recommends that the Court deny Defendant Russo's motion for summary judgment (ECF No. 19). The undersigned agrees that the majority of the relevant grievances did not exhaust White's Eighth Amendment claim against Russo. However, one of the grievances that White appealed through Step III of the MDOC's grievance process prior to filing suit complained that medical staff were not treating White's knee injury. And though prison officials could have rejected the grievance for failing to identify the specific medical staff involved, they chose to address and deny White's grievance and appeals on the merits. As such, it is the undersigned's opinion that prison officials waived the procedural defect in White's grievance and Defendant Russo has not sustained her burden of establishing that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law.

(ECF No. 34 at PageID.240-41).

## II. Legal Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## III. Analysis

Defendant Russo filed two objections. (ECF No. 36). Defendant argues that Plaintiff did not properly exhaust his administrative remedies because (1) Defendant Russo was not

named in the relevant grievance form and (2) because Defendant Russo had no claims stated against her on the incident date.

The court will reject the Defendant's first objection. As the Sixth Circuit has explained:

> We have explained that a prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed–Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation in the process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590–91 (6th Cir. 2017). Here, grievance URF-22-10-1720-12e exhausted Plaintiff's Eighth Amendment claim against Defendant Russo because the prison officials addressed the grievance on its merits. The prison officials thereby waived the potential grievance defect. All the authority cited by Defendant predates the *Mattox* opinion. Relatedly, Defendant argues that the MDOC grievance coordinators could not have rejected grievance URF-22-10-1720-12e. But that's wrong. The MDOC policy allows prison officials to reject grievances that are vague. (ECF No. 36 at PageID.249) (citing PageID.171-72). The record reflects that URF-22-10-1720-12e was denied on the merits. The court rejects Defendant's first objection.

Next, Defendant argues that she had no claims stated against her on the incident date of grievance URF-22-10-1720-12e. Defendant argues that by "not identifying in his grievance any facts that could be attributed to Defendant, Plaintiff could not and did not put MDOC on notice of his Eighth Amendment claim." (ECF No. 36 at PageID.251). The court disagrees. According to grievance URF-22-10-1720-12e, Plaintiff mentioned how he "put in healthcare kites" and was still not called out for an MRI. (ECF No. 19-1 at PageID.160). Like the report and recommendation, this court agrees that Defendant failed to show that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 34) is **ADOPTED** by the court.

**IT IS FURTHER ORDERED** that the motion for summary judgment (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "supplemental complaint" (ECF No. 35) is **DENIED** as procedurally deficient. *See* Fed. R. Civ P. 15(a)(2) ("A party may amend its pleading only with the opposing party's written consent or the court's leave.").

Date:  September 30, 2024                                    /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge